[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
LEGAL SEPARATION
The marriage has broken down irretrievably and the parties are declared to be legally separated.
CUSTODY AND VISITATION
The Wife is awarded sole custody of the minor child Tramell subject to reasonable rights of visitation in the Husband.
CHILD SUPPORT
The Husband is ordered to pay to the Wife child support of $155.00 pr week pursuant to an immediate wage withholding order.
ALIMONY
The Husband is ordered to pay to the Wife alimony of $225.00 per week until the death of either party, the Wife's remarriage or cohabitation, pursuant to an immediate wage withholding order.
ARREARAGE
The court finds an arrearage on pendente lite support and alimony of $4,467.85 as of March 1, 2000 and orders the Husband to pay $25.00 per week on said arrearage pursuant to an immediate wage withholding order.
LIFE INSURANCE
CT Page 3892
The Husband is ordered to name the Wife beneficiary on any group life insurance available to him at his place of employment until he no longer has any financial obligation to her. He shall furnish satisfactory evidence to the Wife upon reasonable request that said insurance is being properly maintained.
MEDICAL INSURANCE
The Husband is ordered to maintain hospitalization and medical insurance, as available to him from his place of employment, for the benefit of the minor child. In the event said insurance does not offer out of network coverage for the child who now resides in the State of South Carolina, at the option of the Wife, she may obtain such insurance coverage for the child. The cost of the insurance obtained by the Wife shall be treated as an un-reimbursed expense. The cost of all un-reimbursed medical and dental expenses incurred by said child shall be shared 64% by the Husband and 34% by the Wife as incurred. The Husband is further ordered to name the child beneficiary on any dental insurance he might have available to him from his place of employment.
PERSONAL PROPERTY
Each party shall retain the personal property in their respective control without any claim from the other.
LIABILITIES
The Husband shall pay to the Wife the lump sum of $4,000.00 at the monthly rate of $100 commencing on April 1, 2000, as a contribution toward her liabilities. Each party is to assume the liabilities shown on their financial affidavits and save the other harmless from any and all claims regarding same.
COUNSEL FEES
No counsel fees are awarded.
TAXES
By April 15 of each year, until there is no longer any financial obligation for child support or alimony, the parties shall exchange their complete IRS returns in order to determine that the payments are appropriate under the circumstances then CT Page 3893 existing. For as long as the Wife is employed part time, the Husband shall be entitled to the dependency exemption for the minor child.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file and file it with the court within 30 days.
CUTSUMPAS, J.